## JANE M. SIMS, RESPONDENT, _v._ THE NEW YORK COLLEGE OF DENTISTRY, APPELLANT.

_Practice — failure to appoint a guardian for an infant plaintiff does not deprive the court of jurisdiction of the action_

Upon the trial of this action the defendant first learned, from the cross-examination of the plaintiff, that at the time the action was commenced she was a minor, although she had become of age before the time of the trial.

_Held,_ that the omission to appoint a guardian for her did not affect the jurisdiction of the court, and that a motion to dismiss the complaint was properly denied.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The action was brought to recover damages resulting to the plaintiff from the alleged negligence and malpractice of a dentist, an officer of the defendant. Upon the trial the cross-examination of the plaintiff disclosed the fact that the plaintiff was a minor at the time she commenced the action, and did not attain her majority until some months thereafter. No prior knowledge of this fact upon the part of the defendant was shown. The defendant moved to dismiss the case, but the motion was denied.

_M. McN. Walsh,_ for the appellant.

_J. L. Overfield_ and _E. C. Schaffer,_ for the respondent.

PRATT, J.:

At the time of the commencement of this action the plaintiff was a minor, but she became of age prior to the trial of the case. No guardian was appointed. This omission did not affect the jurisdiction of the court. The omission to have a guardian appointed at the time of the commencement of the action was an irregularity merely. By pleading to the merits this irregularity was waived. When the plaintiff attained her majority the necessity for a guardian ceased. (_Smart_ v. _Haring,_ 14 Hun, 276; _Rutter_ v. _Puckhofer,_ 9 Bosw., 639.) The plaintiff must therefore be regarded as _rectus in curia._ No question was made on the trial that the persons in charge of the

infirmary were not the servants and agents of the defendant. It was admitted that the college and infirmary were one and the same. The sole question in the case was one of malpractice; whether the plaintiff's injuries and sufferings were caused by unskillful treatment on the part of the dentist who operated upon her. There is ample evidence in the case to sustain the finding of the jury, and the instructions of the learned judge upon the trial were clear and full upon the question involved.

We find no error in the case and the judgment must be affirmed, with costs.

Present — BARNARD, P. J., DYKMAN and PRATT, JJ.

Judgment and order denying new trial affirmed, with costs